1835.

In the matter
of Christie.

---

### In the matter of CHRISTIE, a lunatic.

The chancellor will not grant an application, in the name of a lunatic, for leave to traverse the inquisition, unless he is satisfied, upon a private examina-tion of the lunatic, or by the report of a master, that such is the wish of the lunatic, and that he is capable of understanding the nature and object of the application.

But where the conveyance of a purchaser is overreached by the inquisition, the court, upon probable cause shown, will permit such purchaser to tra-verse the finding of the jury, upon his stipulating to be bound by the final decision upon such traverse.

Where a petition or affidavit is sworn to by a person who has been found by the inquisition of a jury to be a lunatic, the officer before whom the same is sworn should state in the jurat that he had examined the deponent for the purpose of ascertaining the state of his mind, and that he was apparently of sound mind, and capable of understanding the nature and con-tents of the petition or affidavit.

April 9.

A COMMISSION of lunacy was issued in this matter, upon the petition of a son of P. Christie, the alleged lunatic. And by the inquisition, the jury found that P. Christie had been of unsound mind for four years ; which finding overreached a conveyance of his farm, given by him to his son in law, S. Dobbin. On the part of the petitioner an application was made for the appointment of a committee. An application was also made, in the name of the lunatic, to set aside the inquisition for certain alleged irregularities in the execution of the commission or for leave to traverse the inquisition. The irregularities were denied by the affidavits of the sheriff and one of the jurors, who were charged therewith. It appeared that the alleged lunatic was eighty-six years of age ; and

that he was blind, and so infirm as to be incapable of being brought before the chancellor for a personal examination.

1835.

In the matter
of Christie.

*D. Russell,* for the lunatic.

*S. Stevens,* for P. Christie, the petitioner.

THE CHANCELLOR. There is no sufficient ground for setting aside the inquisition, the alleged irregularities upon the execution of the commission being satisfactorily denied or disproved. The only question, therefore, is as to the propriety of granting a feigned issue. There is reason to believe that this application, although in the name of the alleged lunatic, is substantially an application in behalf of the son-in-law whose deed is overreached by the finding of the jury. Even in England, where the traverse of the inquisition is a matter of right, it is not usual to grant it until the chancellor, upon a private examination of the alleged lunatic, is satisfied that it is his wish to traverse, and that he is in a situation to present a petition for that purpose. (*Shelf. on Lun.* 118. . 1 *Collin. on Lun.* 172.) Here it is more important that a private examination should be had, as it is in the discretion of the court to grant or refuse a feigned issue, where the application is made in the name of the alleged lunatic. The certificate of the officer before whom this petition was sworn should also have been special. It should have stated that the officer had examined the petitioner, for the purpose of ascertaining the state of his mind and whether he was capable of understanding the nature and object of the petition, and that he was apparently of sound mind, and capable of understanding it. And, as the petitioner was blind, the officer should also have certified that the petition was carefully and correctly read over to him, in the presence of such officer, before he swore to the same.

In this case, as it appears that the alleged lunatic, in consequence of his age and other infirmities, cannot be brought before the court to be examined personally, I should not grant the traverse upon his application, without first having him examined privately, by one of the masters of this court.

But as I am satisfied that this is substantially an application on the part of the son-in-law, whose conveyance is overreached by the inquisition, and as the affidavits on his part show that it is a case of sufficient doubt to entitle him to ask for a feigned issue, I will direct such an issue, upon his filing a stipulation to be bound by the final decision thereon. This was done in the case of *Roberts*, (*Buller's N. P.* 217;) and Dr. Finney, who had obtained a conveyance of the lunatic's estate, agreed to be bound by the traverse. In that case also the chancellor compelled the party, who had joined in the traverse, to perform his agreement to be bound thereby. (*See 4 Bro. C. C.* 238, *note.*)

The appointment of a committee is to be suspended until it is ascertained whether Dobbin consents to an issue, and to be bound by the result of the same. If he files such consent a double issue is to be framed, so as to ascertain whether the alleged lunatic was of unsound mind at the date of the deed, as well as at the time of the finding of the inquisition.