### In the matter of GILES, a lunatic.

Where the court had directed a feigned issue to try the question of lunacy, and a third person, whose conveyance was overreached by the inquisition, had consented to join in the issue and to be bound by the result thereof; *Held*, that the counsel for the respective parties to the suit were not authorized to abandon the trial of the issue, without the sanction of the court; and to leave the validity of the lunatic's conveyance to be decided in some other mode.

And the parties, without such sanction, having entered into a written agreement to abandon the feigned issue, the court set aside the agreement, and directed the committee of the lunatic to proceed to the trial of such issue.

UPON the petition of G. Willoughby, a commission of lunacy was issued in this case, and J. Giles was found to be a lunatic. An application was afterwards made to traverse the inquisition, and a feigned issue was awarded upon condition that J. G. Reynolds, whose bargain with the lunatic, in relation to a sale of his real estate, was overreached by the inquisition, should become a party to such issue; and should give security to abide the further order of the court in relation to the same, and to his alleged dealings with the lunatic. An issue was framed and a bond given accordingly; but, before the trial of the issue, a stipulation was entered into, without the sanction of the court, between the petitioner and the solicitor of the lunatic and of Reynolds, to abandon the issue, and for the appointment of a

In the matter of Giles.

committee of the lunatic. No provision however was made for the abandonment of the claim of Reynolds, arising out of the agreement which he had made with the lunatic, and which was overreached by the finding of the jury. The court refused to sanction the stipulation to abandon the issue. And the petitioner thereupon applied to set aside such stipulation, or for such other order in the premises as should be proper.

*E. Graves*, for the petitioner.

*H. H. Cozzens*, for Giles and Reynolds.

THE CHANCELLOR. The court having awarded an issue in this case, upon such terms and conditions as the chancellor thought proper and necessary, not only to protect Reynolds, whose contract with the lunatic was overreached by the inquisition, but also to protect the estate of the lunatic from the expense of further litigation in respect to such contract if the inquisition should be sustained, it was not competent for the parties, by stipulation, to discharge that order of the court. The stipulation, which was wholly unauthorized, must therefore be set aside; unless Reynolds, whose dealings with the lunatic are overreached by the finding of the jury, consents to abandon all claim, in relation to the property of the lunatic, arising out of any dealings with him subsequent to the time when, by the inquisition, the lunacy is found to have commenced; and also consents that the court may, by a summary order, set aside all dealings between him and the lunatic subsequent to the commencement of such lunacy, so as to place the parties, and the estate of the lunatic, in the same situation as they would have been if no such dealings had been had between them, after such lunacy commenced according to the finding of the jury. If Reynolds, within thirty days after notice of the order to be entered hereon, delivers such a stipulation to the solicitor for the petitioner, to be filed with the register, then the previous stipulation between the solicitors of the several parties is to stand; and the order for the feigned issue is to be discharged. But if Reynolds neglects to execute and de-

liver the required stipulation, within the time specified, the stipulation, relative to the abandonment of the feigned issue, is to be set aside; and the parties are to be directed to proceed and try the feigned issue, in the same manner, and with the like effect, as if such stipulation to abandon the same had never been made.

As both parties acted without the sanction of the court, and have thereby rendered this application necessary, neither is entitled to costs as against the other; nor is either entitled to costs, upon this application, to be paid out of the estate of the lunatic.