### In re OWENS.

### In re CHURCH OF ST. FRANCIS XAVIER.

(*Common Pleas of New York City and County, Special Term.* February, 1892.)

1. COMMISSION OF LUNACY—PROCEEDINGS TO SUPERSEDE—DEATH OF LUNATIC.
   The death of a lunatic is a bar to proceedings to supersede the commission of lunacy on the ground of subsequent recovery.

2. SAME—TRAVERSE OF THE INQUISITION.
   Where a person, after having been duly adjudged a lunatic, conveys land, her death is no bar to a traverse of the inquisition by her grantee.

Proceedings by the Church of St. Francis Xavier to set aside the inquisition of the lunacy of Ann Eliza Owens. Motion to confirm the report of the referee appointed to take proof as to the recovery of the lunatic. Motion denied.

*George Bliss*, for the motion. *W. Tazewell Fox*, opposed.

PRYOR, J. On the 27th day of May, 1873, in a proceeding *de lunatico inquirendo*, Ann Eliza Owens was duly adjudged a lunatic, and a committee appointed of her person and estate. On the 1st July, 1890, the said Ann Eliza Owens conveyed real property of considerable value to the Church of St. Francis Xavier, and shortly thereafter died. Upon a petition setting forth that the said Ann Eliza Owens had ceased, on the 1st of July, 1890, to be a lunatic, the Church of St. Francis Xavier applied for the appointment of a referee to take proof, and report as to the fact of the recovery of said Ann Eliza Owens; and prayed that, if such recovery be established, "the adjudication and inquisition be annulled, vacated, and set aside." Accordingly a referee was appointed, and, upon testimony as to the mental condition of said Ann Eliza Owens, he reported that, at the time of the conveyance to the Church of St. Francis Xavier, "she was mentally capable of acting, and fully understood and comprehended its effect;" and he recommended that the prayer of the petition be granted, and that the adjudication of lunacy against said Ann Eliza Owens be annulled, vacated, and set aside. On this report and the accompanying evidence the Church of St. Francis Xavier now moves that the said adjudication of lunacy be vacated and set aside. An heir at law of the

said Ann Eliza Owens opposes the motion, and demands, on the contrary, that the order appointing the referee, and all proceedings under it, be vacated and set aside. That there is no logical or legal connection between the sanity of Ann Eliza Owens on the 1st July, 1890, and the validity of the inquisition of lunacy on the 27th May, 1873, is sufficiently obvious. For impeaching the original validity of that inquisition, it was requisite to impugn its regularity, or to establish the then mental competency of the alleged lunatic. True, upon her restoration to sanity, the inquisition and judgment of lunacy might have been superseded, and that such is the object of the present proceeding is apparent upon the terms of the petition by which it was initiated, as well as of the prayer for relief. Viewing the proceeding, then, as an application to supersede the commission of lunacy on the ground of subsequent recovery, the death of the lunatic interposes an insurmountable bar to its maintenance. The petition for a *supersedeas* must proceed from the lunatic himself, and upon his allegation that he has recovered his senses. *Ex parte Rogers*, 5 N. J. Eq. 46; *Ex parte Bumpton*, Mos. 78; *Ex parte Hanks*, 3 Johns. Ch. 567; *Ex parte Stanley*, 2 Ves. Sr. 25. And the lunatic must be accessible, so that the court may ascertain, by a personal examination, whether he be restored to sanity. Shelf. Lun. § 11, pp. 279–282; Ordr. Jud. Ins. tit. 5, p. 256. The Code, too, unequivocally implies the existence of the lunatic at the time the inquisition is superseded, by providing (section 2343) that, "where he becomes competent to manage himself or his affairs, the court must make an order requiring the committee to restore to him his property;" and by prescribing (section 2344) that "where he dies the power of the committee ceases, and his property must be administered and disposed of as if a committee had not been appointed." Indeed, in the very nature of the thing, as an adjudication of the present capacity of the person, a *supersedeas* of an inquisition of lunacy assumes that the person so adjudged to be competent to the management of himself and his affairs is not dead, but still lives. It results, therefore, that the court has no power to supersede the commission of lunacy against Ann Eliza Owens upon the ground that since the inquisition she has been restored to reason. I own my inability to perceive the analogy, suggested by the ingenious counsel for petitioner, between vacating an inquisition of lunacy, and decreeing satisfaction of a judgment. But, however it be, the law has prescribed the method of declaring satisfied an inquisition of lunacy, namely, by superseding it, and that, we have seen, is unattainable after the death of the lunatic. It does not follow, however, that the petitioner is altogether remediless. Claiming as grantee for value from the alleged lunatic, affirming that at the time of the conveyance she was perfectly competent to its execution, and conceding the technical nullity of the deed because of the inquisition, the petitioner presents a clear case for the exercise of whatever power the court may possess to redress the grievance of which complaint is made. Such power the court has and may exert by means of a traverse of the inquisition. By this proceeding the present condition of the lunatic is not questioned, but her insanity at the time of the inquisition, or its regularity, is challenged, and the issue so raised is tried by a jury, by the court, or by a referee. Such a proceeding need not be instituted by the lunatic, but a grantee whose conveyance is invalidated by the inquisition will be permitted to traverse it, on stipulating to be bound by the final decision therein. *Yauger* v. *Skinner*, 14 N. J. Eq. 389; *Ex parte Christie*, 5 Paige, 242; *Medlock* v. *Cogburn*, 1 Rich. Eq. 477; *Ex parte Giles*, 11 Paige, 243. As to the practice upon such proceeding, see, further, *Clapp's Case*, 20 How. Pr. 385; *Ex parte Tracy*, 1 Paige, 580; *In re Russell*, 1 Barb. Ch. 38; *McGinnis* v. *Com.*, 74 Pa. St. 245; *Rogers* v. *Walker*, 6 Pa. St. 371; *Ludwick* v. *Com.*, 18 Pa. St. 175; *Leckey* v. *Cunningham*, 56 Pa. St. 373; *Hill* v. *Day*, 34 N. J. Eq. 150. Obviously, as the traverse does not question the present condition of the lunatic, and as she is represented by her heirs,

her decease opposes no obstacle to the proceeding. Should the church of St. Francis Xavier choose, by an amended or original petition, to traverse the inquisition by allegations impeaching its validity, e. g., want of notice to the lunatic, the proceeding will be entertained. Petitioner's motion to confirm denied, with $10 costs. The motion to vacate the proceeding denied, without costs, and with leave to petitioner to amend as indicated.